Filed 7/18/2023 1:56 PM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Laurey Martin

CAUSE NO. 2023-145

| | | |
|---|---|---|
| **CLINTON SCHREUDERS** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | RUSK COUNTY, TEXAS |
| | § | |
| **JS PRODUCTS, INC. and** | § | |
| **TUTT TOOL SALES, LLC** | § | |
| | § | 4th   JUDICIAL DISTRICT |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL PETITION

Clinton Schreuders files his Original Petition complaining of JS Products, Inc. and Tutt Tool Sales, LLC and in support thereof would respectfully show as follows:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff seeks monetary relief between $250,000.00 and $1,000,000.00, excluding penalties, costs, expenses, and pre-judgment interest. Plaintiff requests this case be governed under a Level 3 Discovery Control Plan.

### II.   PARTIES

2.   Plaintiff Clinton Schreuders ("Plaintiff" or "Clinton") is an individual who resides in Wood County, Texas.

3.   Defendant JS Products, Inc. ("JS Products") is a foreign corporation organized under the laws of Nevada with its principal place of business in Nevada. It can be served through its registered agent and individual with authority to act: Sierra Corporate Services – Las Vegas, Kelly Tobler, 2300 West Sahara Ave, Ste 1200, Las Vegas, NV, 89102.

4.   Defendant Tutt Tool Sales, LLC ("Tutt Tools") is a domestic limited liability company and can be served through its registered agent: Jose Sanchez Law Firm, PC, 507 N. Green Street, Longview, Texas 75601.

### III. JURISDICTION AND VENUE

5. This Court maintains subject-matter jurisdiction because the amount in controversy is in excess of the minimum jurisdictional limits of this Court. This Court maintains personal jurisdiction over Defendant JS Products because Defendant JS Products purposely availed itself to Texas and its contacts with Texas give rise to Plaintiff's claim. Specifically, it intentionally sold its products, including the product that makes the basis of this lawsuit, in the state of Texas; contracts to sell its products in Texas through Texas sellers; intentionally targeted Texas residents as buyers of its products through advertisements; and committed the tort at issue in Texas. Thus, the Court has specific jurisdiction. Further, Defendant JS Products contacts with Texas are so systematic and continuous through its advertisements and sales of drill bits, tools, equipment, and multiple sub-brands, that it is essentially at home in the state of Texas. Thus, the Court also has general jurisdiction over Defendant JS Products.

6. This Court maintains personal jurisdiction of Defendant Tutt Tools because it is a Texas company conducting business in Texas and committed the tort at issue in Texas.

7. Venue is proper in Rusk County, Texas, because Rusk County is the County in which all or a substantial part of the events giving rise to this claim arose. CIV. PRAC. & REM. CODE § 15.002.

### IV. BACKGROUND FACTS

8. On April 22, 2022, the Mac Tools cobalt drill bit that was manufactured by Defendant JS Products shattered and exploded in Plaintiff face while being used for its ordinary and intended purpose. Some of the shrapnel from the drill bit made it way past the safety glasses that Plaintiff was wearing at the time and caused severe damage, resulting in multiple surgeries and permanent vision loss. An expert evaluation of the drill bit determined that the drill bit had factory defects

both physically and in the chemical composition of the bit. As a result, the bit exploded without warning and caused Plaintiff's injuries.

9.  Plaintiff purchased the drill bit from Defendant Tutt Tools. Prior to purchasing, the representative for Tutt Tools made express representations, which turned out to be incorrect. Specifically, Plaintiff informed the representative that he needed a drill bit with high structural integrity that is more durable than the average drill bit. Plaintiff informed the representative that he would be using the drill bit to drill into metal and needed to be sure that the drill bit could handle the work. The representative expressly represented to Plaintiff the subject drill bit had a metal composition that made it more durable than similar drill bits and suitable for his needs of drilling into metal. The representative further went on to say that this was the best heavy duty drill bit to select specifically because of the hardened metal. This representation turned out to be false as the drill bit was actually made with an improper metal mix that made the drill bit too soft, which led to the catastrophic failure of the bit. Had Plaintiff known the truth about the bit, he would not have purchased and would not have been injured.

10. Defendant Tutt Tools also exercised substantial control over the content of a warning or instruction that accompanied the drill bit and failed to warn Plaintiff of the dangerous of using the drill bit for the purpose that Plaintiff informed Tutt Tools it would be used.

11. The injury was caused by one or more negligent acts and/or omissions on the part of the Defendant. The negligent acts were the proximate cause of Plaintiff's serious and debilitating personal injuries. The collision and all damages and injuries resulting from the collision were not caused nor contributed to by Plaintiff or an innocent third party; but were caused solely by the acts, wrongs, and/or omissions of the Defendant, which said acts, wrongs, and/or omissions were the proximate cause of the injuries and damages Plaintiff's sustained.

## V. CAUSES OF ACTION

### *Strict Products Liability*

12. Plaintiff incorporate the facts and allegations explained above as if fully set forth herein.

13. Defendant JS Products is engaged in the business of assembling, manufacturing, testing, instructing, selling, distributing, and/or supplying drill bits and other products to the public, including the subject drill bit in this lawsuit.

14. Defendant JS Products placed this drill bit in the stream on commerce without properly inspecting the drill bit for dangerous conditions and knew that the ultimate users were not capable of inspecting the drill bit for dangerous conditions on their own.

15. Defendant JS Products also put this drill bit into the stream of commerce after knowingly using an improper metal mix, which made the drill bit more susceptible to failure.

16. The drill bit was defective and unreasonably dangerous to the ultimate users when sold and distributed in the following ways:

   a. It failed to operate, as an ordinary consumer would expect;

   b. It was designed, manufactured, sold, and/or supplied in an unsafe, unreasonably dangerous and defective condition that caused the drill bit exploded in Plaintiff's face;

   c. It was designed, manufactured, sold, and/or supplied in an unsafe, unreasonably dangerous and defective condition that the drill bit had factor defects in the form of grind marks and microfractures that weakened the drill bit and caused the catastrophic failure;

   d. It was designed, manufactured, sold, and/or supplied in an unsafe, unreasonably dangerous and defective condition that the drill bit was made using an improper

mix of metals, specifically, the carbon and cobalt levels were below minimum allowable levels.

17. At the time of the subject incident, the subject drill bit was in substantially the same condition as when it was sold and distributed by Defendants.

18. The subject drill bit was unreasonably dangerous to foreseeable end users, including Plaintiff.

19. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

20. As a direct and proximate cause of the foregoing conduct of Defendant, Plaintiff sustained serious bodily injury.

## *DECEPTIVE TRADE PRACTICES ACT*

21. Plaintiff incorporate the facts and allegations explained above as if fully set forth herein.

22. Plaintiff is a "consumer" under the Texas Deceptive Trade Practices Act ("DTPA") because he bought or acquired goods or services.

23. Defendants can be sued under the DTPA

24. Defendants committed one or more of the following wrongful acts:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services,

   b. Representing that goods or services that claim to have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities but do not;

   c. Representing that goods or services are of a particular standard, quality, or grade or that goods are of a particular style or model, if they are not; and

   d. Breach of implied and express warranties described below

25. Plaintiff relied on these false, misleading, or deceptive acts or practices to his detriment.

26. Defendants committed these violations knowingly and intentionally.

27. Defendants' actions were a producing cause of Plaintiff's injuries.

28. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

## BREACH OF EXPRESS WARRANTY

29. Plaintiff incorporate the facts and allegations explained above as if fully set forth herein.

30. Defendants are the designer, manufacturer, assembler, distributor and/or seller of the subject drill bit.

31. Defendants sold the subject drill bit to Plaintiff.

32. Defendants expressly warranted that its product was safe for ordinary use.

33. Defendants' affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff, without which the Plaintiff would not have purchased Defendants' product.

34. The product did not conform to the Defendants' affirmations regarding the safety of its product.

35. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

36. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff sustained the injuries and losses described herein.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

37. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

38. Defendants are the designer, manufacturer, assembler, distributor, and/or seller of the subject drill bit. Defendants sold the subject drill bit to Plaintiff.

39. Defendants impliedly warranted that its product was merchantable, fit for the ordinary purpose for which it was sold or used, was of fair average quality so as to pass without objection in the trade, and conformed to Defendants' own affirmations regarding the drill bit integrity and overall fitness for use as a drill bit.

40. Defendants breached its implied warranty of merchantability, as the product did not conform to the Defendants' affirmations regarding the features and overall safe condition of the product, the product was not fit for the ordinary purpose for which it was sold or used, and was not of fair average quality so as to pass without objection in the trade.

41. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

42. As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff sustained the injuries and losses described herein.

## *BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE*

43. Plaintiff incorporates the facts and allegations explained above as if fully set forth herein.

44. Defendants are the designer, manufacturer, assembler, distributor, and/or seller of the drill bit. Defendants sold the subject drill bit to Plaintiff.

45. In selling its product to Plaintiff, Defendants, through its agents, servants, employees, and apparent agents acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the product to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendants impliedly warranted that the product would be fit for such particular purpose.

46. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

47. As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff sustained the injuries and losses described herein.

## NEGLIGENCE

48. Plaintiffs incorporates the facts and allegations explained above as if fully set forth herein.

49. Defendants were negligent in developing, designing, manufacturing, testing, selling and/or marketing the subject drill bit.

50. At all times material hereto, the drill bit was in use by Plaintiff for the foreseeable intended purpose for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiff was a foreseeable intended user of the drill bit.

51. Defendants owed a duty to Plaintiff to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Defendants failed to exercise such reasonable care.

52. Defendants owed a duty to Plaintiff to adequately warn of the dangers inherent in the use of the product it developed, designed, manufactured, tested, sold and/or marketed. Defendants failed to adequately warn consumers of the dangers inherent in its product that is the subject of this suit.

53. Plaintiff's damages are the direct and proximate result of the Defendants' negligence, as well as that of its agents, servants, employees, and apparent agents acting within and during the scope of their employment, authority, or apparent authority. Plaintiff's damages are not due to any act or failure on the part of the Plaintiff.

54. Defendants were negligent in one or more of the following respects:

   a. Failing to take appropriate steps to ensure the drill bit would not spontaneously explode;

   b. Marketing and selling the drill bit in an unsafe condition;

   c. Failing to provide users of the drill bit with adequate instructions for its safe use;

   d. Failing to provide users of the drill bit with adequate warning concerning its use;

   e. Failing to thoroughly and adequately test the drill bit to ensure that the drill bit would not spontaneous explode;

   f. Designing the drill bit in such a way that it is not apparent to the user that the drill bit would spontaneously explode;

   g. Failing to discover defects in, and the dangerous condition of, the drill bit;

   h. Failing to remedy the defects in, and the dangerous condition of, the drill bit;

   i. Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the drill bit;

   j. Failing to properly test, evaluate, inspect, and assemble the drill bit;

   k. Failing to properly design, manufacture, and advertise the drill bit to ensure that it was no unreasonably dangerous;

   l. Failing to warn the public in general, and Plaintiff in particular, of the dangers presented by the use of Defendants' product;

   m. Failing to exercise due care and act with regard for the safety of those using its products;

   n. using an improper mix of metals in creating the drill bit; and

   o. Such other and further acts and/or omissions as may be shown by the evidence at the trial.

55. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

56. Each of the above-listed acts and/or omissions, taken singularly or in combination, was a proximate cause of the Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendants constitute negligence, which was the proximate cause of Plaintiff's resulting injuries and damages. Nothing Plaintiff did or failed to do caused or contributed to cause the occurrence made the basis of this suit.

## *Gross Negligence*

57. Defendants chose to use a substandard mix of metals, specifically, a deficient amount of cobalt and carbon, in drill bits it advertised as "cobalt" drill bits. As a result, the drill bits were more susceptible to catastrophic failure. Upon information and belief, Defendants did this for profits. Defendants knew that using a substandard mix of metals would create a dangerous product, but proceeded anyway. The conduct of Defendants described herein constitutes gross negligence as defined in TEX. CIV. PRAC. & REM. CODE § 41.001(11)(A)–(B). Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Decedent. Defendants had actual, subjective awareness of the risk involved but nevertheless preceded in conscious indifference to the rights, safety, or welfare of customers such as Plaintiff. Defendants' grossly negligent acts and omissions were a proximate cause of Plaintiff's injuries and damages.

58. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

## ***RES IPSA LOQUITUR***

59. Defendants are also negligent under the doctrine of *Res Ipsa Loquitur*.

60. Defendants were under exclusive management and control of the subject drill bit in question during manufacturing and assembly.

61. Plaintiff did not alter the subject drill bit in any way.

62. Had Defendants used ordinary care in the manufacturing and assembly of the vehicle at issue, it would not have spontaneously exploded in Plaintiff's face.

63. Defendant Tutt Tools is liable as a nonmanufacturing seller under *Texas Civil Practice and Remedies Code* §82.003(4) & (5).

## VI. DAMAGES

64. As a result of the injuries sustained by Plaintiff as a result of the collision that makes the basis of this suit, Plaintiff hereby sues for the following items of damage:

    a. Physical pain and suffering the past;

    b. Physical pain and suffering that Plaintiff will experience in the future;

    c. Mental anguish suffered in the past;

    d. Mental anguish Plaintiff will experience in the future;

    e. Medical expenses incurred in the past;

    f. Medical expenses the Plaintiff will incur in the future;

    g. Physical impairment suffered in the past;

    h. Physical impairment the Plaintiff will suffer in the future;

    i. Disfigurement; and

    j. Loss wages / loss of earning capacity in the past and future.

65. By reason of the facts alleged in this petition, Plaintiff has been made to suffer and sustain at the hands of the Defendant damages within the jurisdictional requirements of this Court and in such an amount as evidence may show proper at the time of trial.

66. Plaintiff sues all Defendants jointly and severally.

## VII. PREJUDGMENT AND POST JUDGMENT INTEREST

67. Plaintiff seeks prejudgment and post judgment interest as allowed by law.

## VIII. COURT COSTS

68. Plaintiff sues to recover court costs as allowed by law.

## IX. DEMAND FOR JURY TRIAL

69. Plaintiff demands jury trial and has tendered the appropriate fee.

## X. INITIAL DISCLOSURES

70. Defendants must make Initial Disclosures pursuant to Rule 194.2.

## XI. RULE 193.7 NOTICE

71. Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by *Texas Rule of Civil Procedure* 193.7.

## XII. PRAYER

For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff has judgment against Defendants for actual damages, exemplary damages, prejudgment and post judgment interest, and costs. Plaintiff further prays for such other and further relief, at law or in equity, general or specific, that Plaintiff may be justly entitled.

Respectfully submitted,

By: */s/ Myles A. Lenz*
Ramez F. Shamieh
Louisiana State Bar No. 35558
Texas State Bar No. 24066683
New York State Bar No. 5280219
Myles A. Lenz
Texas State Bar No. 24092685
myles@shamiehlaw.com

**SHAMIEH LAW, PLLC**
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
214.389.7333 telephone
214.389.7335 facsimile
**ATTORNEYS FOR PLAINTIFF**